UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SUSAN HIDALGO, individually and as Mother and Natural
Guardian of A.M., an infant,

                                      **INFANT COMPROMISE
                                      ORDER**

                    Plaintiffs,       18-cv-10794 (LMS)

      -against-

LATAM AIRLINES GROUP,

                Defendant.
-----------------------------------------------------------------------X

      Upon reading and filing (all without exhibits) the annexed affidavit of SUSAN

HIDALGO, Mother and Natural Guardian of A.M., duly verified the 23rd day of April, 2020; the

affirmation of ARNOLD I. BERNSTEIN, ESQ., attorney for the Plaintiffs herein dated April 23,

2020; and the supplemental affirmation of ARNOLD I. BERNSTEIN, ESQ. dated September 2,

2020; it appearing that the infant, A.M., was born on April 24, 2016, and is now four (4) years old

appeared and having been examined by this Court on the 7th day of February 2020, and any further

appearance having been waived, and that the best interest of the said infant will be served;

      NOW on motion of ARNOLD I. BERNSTEIN, ESQ., attorney for the Plaintiffs herein, it

is,

      ORDERED, that the mother and natural guardian, SUSAN HIDALGO, be and thereby is

authorized to enter into a compromise of the Infant Plaintiff's claim herein upon the following

terms, to wit:

      ORDERED, that the natural guardian, SUSAN HIDALGO, be permitted to sign all papers

and attached General Release to settle the Infant Plaintiff's cause of action in the sum of

$225,000.00 to be paid by the Defendant, LATAM AIRLINES GROUP for the Infant Plaintiff;

There is another distinct and separate settlement wherein SUSAN HIDALGO settled with Defendant, LATAM AIRLINES GROUP for $25,000.00, out of the sum of $25,000.00 to be paid to SUSAN HIDALGO there be paid to ARNOLD I. BERNSTEIN, $7,860.62 as his fee together with reimbursement of disbursements of $1,418.12 for a total payment to ARNOLD I. BERNSTEIN for this portion of the claim in the amount of $9,278.74;

ORDERED, that out of the sum of $225,000.00 to be paid to the Infant Plaintiff there be paid to ARNOLD I. BERNSTEIN, the attorney for the Infant Plaintiff from the payment to be made by Defendant, LATAM AIRLINES GROUP the sum of $75,000 and it is further,

ORDERED, that out of the sum of $225,000.00 to be paid to the Infant Plaintiff the balance of the proceeds in the amount of **$150,000.00** will be paid by the Defendant and/or its Insurer, to MetLife Assignment Company, Inc. to fund the purchase of a structured settlement annuity through a life insurance company, that is licensed in the State of New York, and is currently rated "A+" (Superior) or better by A.M. Best Company, and will pay the future periodic payments pursuant to the following terms:

| Payable to A. M. ("Payee") | Guaranteed Amount | Lifetime Amount |
|---|---|---|
| $27,045.39 payable semi-annually, guaranteed for 4 year(s) which is 8 payments, beginning on 07/01/2034, with the last guaranteed payment on 01/01/2038. | 216,363.12 | 216,363.12 |

| | |
|---|---|
| Annuity Issuer: | Metropolitan Tower Life Insurance Company |
| Assignee Company: | MetLife Assignment Company, Inc. |
| Guarantor: | Metropolitan Tower Life Insurance Company |

The future periodic payments listed above are based upon rates with a projected annuity purchase date of May 05, 2020. These rates are not locked and subject to change which may result in an increase or decrease of the structured settlement payments; and it is further

2

ORDERED, that upon the court's approval, the specific terms of the structured settlement payments will be determined based on annuity rates in effect at the time the annuity is purchased. A comparably rated life insurance company may be substituted to obtain the best interest rates available at the time of funding. Any delay in funding the annuity may result in either a delay of the payment start date(s) or change in payment amount(s) which may result in an increase or decrease of the structured settlement payments.   Any changes to the Assignee Company, Annuity Issuer, payment amounts and/or commencement dates shall be accurately recorded in the General Release, qualified assignment document and annuity contract without the need of obtaining an amended order; and it is further

ORDERED, that all sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986 as amended; and it is further

ORDERED, that the parties hereto acknowledge that the aforementioned Defendant which is  obligated to make the payment provided for hereinabove, will assign to and arrange for the assumption of the payments listed above to the respective Assignee Company, the Assignee Company's obligation herein under with respect to the future periodic payments set forth pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment and assumptions shall completely release and discharge the Defendant from any of its obligations with respect to payments provided hereinabove, and it is further

ORDERED, that simultaneously with the making of such qualified assignment pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended, to the respective Assignee Company, such Assignee Company will purchase an annuity policy from the respective Annuity Issuer; and it is further

3

ORDERED, that upon the assignment of the duties and obligations to make such future periodic payments pursuant to this Order, all of the duties and responsibilities otherwise imposed upon the Defendant by this Order, with respect to such future periodic payments, shall be binding upon the respective Assignee Company and Annuity Issuer; and it is further

ORDERED, that upon the making of such assignment the respective Assignee Company shall assume the duties and responsibilities of the Defendant with respect to such future periodic payments, and that the performance of the Assignee Company shall be guaranteed in writing by the respective Guarantor; and it is further

ORDERED, that Payee shall have no rights or incidence of ownership in said annuity policy; it being the intention herein to conform to and keep within the guidelines in all respects, and in good faith all applicable sections of the Internal Revenue Code and all guidelines and rulings of the Internal Revenue Service; and it is further

ORDERED, that any payments to be made after the death of Payee shall be made to the Estate of Payee. After reaching age of majority, Payee may submit a change of beneficiary in writing to the Assignee Company. The designation must be in a form acceptable to Assignee Company.

ORDERED, that the conditioned upon compliance with the provision of this Order, SUSAN HIDALGO, as guardian of the Infant Plaintiff herein, be and she hereby is authorized and empowered to execute the attached General Release and settle the Infant Plaintiff and SUSAN HIDALGO's cause of action against the Defendant, and it is further,

4

ORDERED, that the necessity of the filing of a bond be dispensed with, in accordance with Section 1210(c) of the Civil Practice Laws and Rules.

SO ORDERED:

HON. LISA MARGARET SMITH
UNITED STATES MAGISTRATE JUDGE

Date:  September 14, 2020

5

## GENERAL RELEASE

FOR THE TOTAL AND SOLE CONSIDERATION OF TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), (hereinafter the "Settlement Proceeds") to be paid as described within the attached Infant Compromise Order dated September __14__, 2020, of which the terms of the payment is fully described in section 2.1 of Addendum A which is attached to this General Release and incorporated fully herein.  The undersigned, SUSAN HIDALGO, individually, and on behalf of A.M as NATURAL GUARDIAN OF A.M. AN INFANT (hereinafter "RELEASOR"), hereby releases and forever discharges LATAM AIRLINES GROUP, S.A., as well as all its past, present and future directors, officers, members, shareholders, employees, agents, parents, subsidiaries, affiliates, contractors, subcontractors, servants, insurers, successors and assigns (hereinafter "RELEASEES"), from any and all claims and causes of action for loss, lawsuits, injuries, bodily injury, pain and suffering, and damage, known or unknown, direct, indirect or consequential, suffered or sustained by RELEASOR in, arising out of, related to and/or as a result of an incident occurring on or about the 15th day of July 2018 onboard LATAM flight 531 and the subject of a lawsuit in the United States District Court Southern District of New York, assigned Docket No. 18-10794 and captioned *Susan Hidalgo, Individually and as Mother And Natural Guardian of A.M. an infant, v. LATAM AIRLINES GROUP* (hereinafter the "Incident"). RELEASOR will direct her attorneys to sign a Stipulation of Dismissal within five (5) days of receiving the Settlement Proceeds.

THE UNDERSIGNED HEREBY ACKNOWLEDGES AND AGREES that this settlement has been entered into solely for the purpose of compromising disputed claims, and that any payment made pursuant to this settlement is not to be construed as an admission of liability on the part of the RELEASEES, by whom liability is expressly denied, nor is it to be considered an acknowledgment that RELEASOR is in fact entitled to recover under any applicable law.

THE UNDERSIGNED HEREBY AGREES to a Stipulation of Dismissal with prejudice of the action assigned Docket No. 18-10794 in the United States District Court Southern District of New York.  RELEASOR also agrees that she will not commence, prosecute or permit to be commenced or prosecuted against the RELEASEES any action or other proceeding based upon any claims, demands, actions, causes of action, obligations, liabilities or damages herein released.

THE UNDERSIGNED HEREBY ACKNOWLEDGES AND DECLARES that no consideration or inducement has been given or promised for this General Release except as herein set forth.  Further, the undersigned acknowledges that this General Release is executed and delivered without reliance upon any statement or representation made by RELEASEES, as to the nature or extent of their responsibility to the undersigned, or of said loss, injuries and damage, known and unknown, direct, indirect and consequential, suffered or sustained or which may be suffered or sustained as a result of the Incident, including past, present and future, and explicitly and intentionally compromises and settles all claims and causes of action for all injuries, including those which are unknown as well as those which are known, suffered by the undersigned in and as a result of, or which may hereafter develop or in any way arise out of or result from the Incident.  The amount of the aforesaid consideration has been agreed upon and fixed accordingly; that by reason of the premises no mistake of fact with respect to the nature or extent of any of the aforesaid loss, injuries or damage, or of the consequences thereof, shall render this General Release contestable or

voidable or constitute a ground for setting it aside; that said consideration has been paid and accepted for the purpose of making a full, complete and final compromise, adjustment and settlement of any and all of the aforesaid claims and causes of action of the undersigned in any way arising or to arise out of the Incident.

THE UNDERSIGNED HEREBY AGREES that this General Release includes, but is not limited to, any and all outstanding liens and assignments arising from this matter, including, but not limited to, any and all subrogation rights, whether by subrogation agreement, loan receipt or other form, deductible insurance, bills from health care providers, attorney's fees, liens for attorney's fees, benefits under Medicaid or Medicare and any and all other claims of whatsoever nature against RELEASEES.  RELEASOR hereby stipulates and agrees to indemnify and hold harmless the RELEASEES from any and all losses or liabilities, including costs, expenses and attorney's fees, resulting from any such lien, assignment or claim.

THE UNDERSIGNED HEREBY AGREES that this General Release is conditional upon the satisfaction and release of any and all claims or liens asserted against the Settlement Proceeds, including, but not limited to, liens asserted by Medicare or Medicaid or liens asserted by any health care providers or attorneys, and that prior to RELEASOR'S receipt of the Settlement Proceeds, or any portion of them, RELEASOR will either (1) satisfy and obtain releases of any and all such liens or (2) she will instruct RELEASEES to directly pay the lien holders from the Settlement Proceeds before any Settlement Proceeds are paid to her.

RELEASOR agrees to notify the Medicare and/or Medicaid and any and all other persons or entities asserting rights, claims or liens against the Settlement Proceeds of her settlement with RELEASEES, and RELEASOR agrees to comply with all obligations imposed on her by the Medicare Secondary Payer Act and all other applicable federal or state laws.  RELEASOR, after receiving adequate notice by RELEASEES, additionally agrees to defend, indemnify and hold harmless RELEASEES, for any amounts, including reasonable attorneys' fees, paid by RELEASEES as a result of any liens or claims asserted against RELEASOR'S Settlement Proceeds, or made directly against RELEASEES, by any person or entity who is not a party to this General Release but who claims any interest in the Settlement Proceeds or subject matter of this General Release.

THE UNDERSIGNED DECLARES, WARRANTS AND REPRESENTS that she has complete and exclusive authority and right to enter into this General Release.

AND FOR THE CONSIDERATION AFORESAID the undersigned hereby further stipulates and agrees to save harmless and indemnify RELEASEES from and against all claims and actions, which may at any time hereafter be made or instituted against any and all of them for the purpose of enforcing any claim by the RELEASOR or for damages resulting from, in any way arising out of, or related to the damages or injuries sustained by the RELEASOR in the Incident, including the cost of their defense in any such action or actions.

THE UNDERSIGNED HEREBY DECLARES that the terms of this General Release have been completely read and are fully understood and accepted for the purposes of making a full and

final settlement of any and all claims, disputed or otherwise, for any injuries or damages, known or unknown, in the past, present and future arising from or related to the Incident.

IT IS HEREBY FURTHER ACKNOWLEDGED AND AGREED that neither party shall in any way disparage the other party through any media or other means whatsoever, with regard to any aspect of the Incident or this settlement through this General Release or with regard to any other aspect of the interaction between RELEASOR and RELEASEES.

No amounts paid herein to the RELEASOR represents damages for any claims for punitive damages, although such claims and damages, if any, are fully released herein.

This General Release may not be changed orally.

THIS IS A RELEASE IN FULL.

**IN WITNESS WHEREOF**, SUSAN HIDALGO has caused this instrument to be executed as of this ___ day of _____, 2020.

_____
SUSAN HIDALGO

STATE OF                            )
                                           .:ss
COUNTY OF                       )

On _____, 2020 before me personally came SUSAN HIDALGO, to me known, and known to me to be the individual and natural guardian of A.M an infant described in and who executed the foregoing General Release, and duly acknowledged to me that she executed same.

_____
Notary Public

## ADDENDUM A
### (Structured Settlement language)
## GENERAL RELEASE

The Parties shall be defined as:

"Releasor"     SUSAN HIDALGO, individually, and on behalf of A.M. as Natural Guardian of A.M., an infant

"Releasees"     LATAM AIRLINES GROUP, S.A.

Provisions relating to Structured Settlement:

## 2.0   Payments

In consideration of the attached General Release, the Releasees agree to pay the total sum $250,000.00 as outlined in Section 2.1 below:

2.1   Payments due at the time of settlement as follows:

    A.   $100,000.00 Cash at settlement payable to Releasor and her attorney, BERNSTEIN & BERNSTEIN

    B.   $150,000.00 to METLIFE ASSIGNMENT COMPANY, INC. to fund the periodic payments listed in Section 2.2 below.

2.2   METLIFE ASSIGNMENT COMPANY, INC (the "Assignee Company") accepts the obligation to make Periodic Payments, as required under Section 5.0 below, made payable to A.M. ("Payee") made according to the schedule as follows (the "Periodic Payments"):

    $27,045.39 payable semi-annually, guaranteed for 4 year(s) which is 8 payments, beginning on 07/01/2034 at age 18, with the last guaranteed payment on 01/01/2038 at age 21.

All sums set forth herein constitute damages on account of personal physical injuries or sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

## 3.0   Releasor's Rights to Payments

Releasor acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Releasor or Payee; nor shall the Releasor or Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

## 4.0    Releasor's Beneficiary

Any payments to be made after the death of the Payee pursuant to the terms of this General Release shall be made to such person or entity as shall be designated in writing by the Payee to the Assignee Company.  If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the Estate of the Payee.  No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee Company.  The designation must be in a form acceptable to the Assignee Company before such payments are made, but in no event shall the request of the Payee be unreasonably withheld or denied.

## 5.0    Consent to Qualified Assignment

5.1    Releasor acknowledges and agrees that the Releasees may make a "qualified assignment", within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Releasees' liability to make the Periodic Payments set forth in Section 2.2 to the Assignee Company.  The Assignee Company's obligation for payment of the Periodic Payments shall be no greater than that of the Releasees (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation.

5.2    Any such assignment, when made, shall be accepted by the Releasor without right of rejection and shall completely release and discharge the Releasees from the Periodic Payments obligation assigned to the Assignee Company.  The Releasor recognizes that, in the event of such an assignment, the Assignee Company shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Releasees shall thereupon become final, irrevocable and absolute.

## 6.0    Right to Purchase an Annuity

The Assignee Company reserves the right to fund the liability to make the Periodic Payments in Section 2.2 through the purchase of an annuity policy from **METROPOLITAN TOWER LIFE INSURANCE COMPANY (the "Annuity Issuer")**.  The Assignee Company shall be the sole owner of the annuity policy and shall have all rights of ownership.  The Assignee Company may have the Annuity Issuer mail payments directly to the Payee.  The Payee shall be responsible for maintaining a current mailing address for Payee with the Annuity Issuer.

## 7.0    Discharge of Obligation

7.1    The Releasees are totally extinguished and satisfied upon payment of the sums necessary for the purchase of the annuity together with the up-front cash payments in

Section 2.1 and execution of the qualified assignment.  It is further understood that the Releasees are not guarantors or insurers with respect to the annuity and that the obligation and responsibilities of the Releasees shall be fully discharged upon the mailing of valid checks in the amounts designated in section 2.1 and the execution of the qualified assignment to the Assignee Company.

7.2     The obligation of the Assignee Company to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee with the Annuity Issuer.  If the Payee notifies the Assignee Company that any check or electronic funds transfer was not received, the Assignee Company shall direct the Annuity Issuer to initiate a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

## 8.0   Nature of Payments

All sums paid pursuant to this Structured Settlement constitute damages on account of personal injuries or sickness arising from physical injuries that resulted from the allegations made in the lawsuit and no portion of the proceeds paid under this Structured Settlement represent exemplary or punitive damages nor pre-judgment or post-judgment interest.

## 9.0   Additional Documents

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this General Release.

## 10.0  Effectiveness

This General Release shall become effective immediately following execution by each of the parties.

*(THIS SPACE INTENTIONALLY LEFT BLANK)*

**Plaintiff:**     **SUSAN HIDALGO, individually, and on**
                   **behalf of A. M. as Natural**
                   **Guardian of A.M., an infant**

_____

Date:_____

**Plaintiff's Attorney:     BERNSTEIN & BERNSTEIN**

_____

Date:_____

**Defendant:  LATAM AIRLINES GROUP**

_____

Date:_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUSAN HIDALGO, individually and as Mother and Natural
Guardian of A.M., an infant,

**AFFIDAVIT**

                            Plaintiffs,           Index No. 18-cv-10794

      -against-

LATAM AIRLINES GROUP,

                         Defendant.
-------------------------------------------------------------------X

STATE OF NEW YORK     )
                          ) ss.:
COUNTY OF WESTCHESTER )

SUSAN HIDALGO, being duly sworn, deposes and says

1. I am the mother and natural guardian of A.M., the infant Plaintiff in this action. I reside at 395 Westchester Avenue, Apt. 1B, Port Chester, New York 10573 with A.M. she is 3 years old and was born in 2016.

2. On July 15, 2018. A.M. and I were customers on Flight 531, owned and operated by Defendant, Latam Airlines Group, traveling from New York to Lima Peru. A.M. was caused to sustain burn injuries to her foot from excessively hot water. A.M. initially received treatment for the burn injuries in Peru.

3. On October 11, 2019, Dr. Robert Goldstein, Plastic Surgeon, performed an examination of A.M. Physical examination showed a mottled hypo and hyperpigmented scarring that measured 6 x 6 ½ cms on the dorsal and lateral aspect of the right foot.

4. A.M. has no significant ill affects from her injury. She does not complain about her injuries other than some itching and feeling self conscious.

5. I retained Mr. Bernstein's firm to represent my daughter in this matter pursuant to a standard negligence contingency form. I understand that Defendant, LATAM AIRLINES GROUP, has made an offer of $225,000.00 to settlement Infant Plaintiff A.M.'s claim and $25,000 to settle my separate and distinct claim.

6. Mr. Bernstein conducted significant legal work in this case. Mr. Bernstein investigated the claim and obtained medical records. The summons and complaint was drafted and filed to properly name and plead the cause of action. Various discovery demands and responses were served. There was also a multitude of settlement negotiations with the Defense Counsel including two with the Court.

7. While I believe we had a strong liability claim, I also understand that this case would ultimately be decided by a jury that could award A.M. less than the settlement, including the possibility of awarding nothing at all. I also understand that a jury could award more money than the settlement. I also understand that even if we were successful at a trial in this case, the likelihood of a significant financial recovery is unlikely – due to A.M.'s excellent recovery. Early settlement also reduces the litigation expenses.

8. I understand that of the $225,000.00 settlement to A.M., that $150,000.00 will allocated to fund the purchase of a structured settlement annuity through a life insurance company, that is listed in the State of New York and is currently rated "A+" (Superior) or better by A.M. Best Company, and will pay the future periodic payments pursuant to the following terms:

| Payable to ("Payee") | Guaranteed | Lifetime |
| --- | --- | --- |
| A. M. | Amount | Amount |

| $27,045.39 payable semi-annually, guaranteed for 4 year(s) which is 8 payments, beginning on 07/01/2034, with the last guaranteed payment on 01/01/2038. | 216,363.12 | 216,363.12 |

| | |
|---|---|
| Annuity Issuer: | Metropolitan Tower Life Insurance Company |
| Assignee Company: | MetLife Assignment Company, Inc. |
| Guarantor: | Metropolitan Tower Life Insurance Company |

The future periodic payments listed above are based upon rates with a projected annuity purchase date of May 05, 2020. These rates are not locked and subject to change which may result in an increase or decrease of the structured settlement payments; and it is further

9. I request that the balance of the settlement proceeds be paid to Bernstein & Bernstein for legal fees in the sum of $75,000.00.

10. There is another distinct and separate settlement wherein I settled with Defendant, LATAM AIRLINES GROUP for $25,000.00. Out of the sum of $25,000.00, $1,418.12 should be taken as disbursements for this case and $7,860.62 should be paid to BERNSTEIN & BERNSTEIN as his fee.

11. I have read the affirmation of Arnold I. Bernstein, Esq., and have been fully advised of the basis for recommending the settlement and I agree with these reasons. Therefore, I join with my attorney in requesting that the Court approve the settlement of this action as set forth herein.

SUSAN HIDALGO

Sworn to before me this
23rd day of April        2020

Notary Public

Ariella Bernstein
Notary Public, State of New York
No. 02BE6260536
Qualified in Westchester County
Commission Expires August 6, 2020

7:18-cv-10794

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================================

SUSAN HIDALGO, Individually and as Mother and Natural Guardian of A.M.,
An Infant,

Plaintiff,

-against-

LATAM AIRLINES GROUP,

Defendant.
=================================================================

## AFFIDAVIT
=================================================================

BERNSTEIN & BERNSTEIN
Attorneys for Plaintiff
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400
=================================================================

### NOTICE OF ENTRY
**Sir:** Please take notice that the within is a (certified) true copy of a
duly entered in the office of
the Clerk of the within named Court on                              20
Dated:
=================================================================

### NOTICE OF SETTLEMENT
**Sir:** Please take notice that an order                              of which the within
is a true copy will be presented for settlement to the Hon.                  one
of the judges of the within named Court, at            on the          day of
20       at                  .M.
Dated:
=================================================================

Service of a copy of the within
is hereby admitted.
Dated:            20                              _____
Attorney(s) for:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUSAN HIDALGO, individually and as Mother and Natural
Guardian of A.M., an infant,

                                            **ATTORNEY AFFIRMATION**

                       Plaintiffs,        Index No. 18-cv-10794

    -against-

LATAM AIRLINES GROUP,

                     Defendant.
------------------------------------------------------------------X
        ARNOLD I. BERNSTEIN, an attorney, duly admitted to practice law in the State of New

York affirms as follows:

1.     I am an attorney-at-law with offices presently located at 599 West Hartsdale Avenue,

      White Plains, New York 10607.

2.     I am the attorney for the infant claimant. I submit this affirmation in support of

      Plaintiff SUSAN HIDALGO'S application for an order empowering her to

      compromise this action on behalf of her daughter, A.M.

3.     On August 2, 2018, I was retained by the Plaintiffs herein under an agreement

      whereby this firm was to receive compensation for services based on the standard

      negligence percentage (33 1/3% after disbursements) of the proceeds obtained by

      suit or settlement of the infant's action against the defendants subject to Court

      approval. A statement of retainer was duly filed with the Judicial Conference under

      Code No. NYC-OCA 7794340 OCT 30*18. The action on behalf of the infant herein

      arose under the following circumstances:

4. The infant, A.M. was injured on July 15, 2018. Plaintiffs were customers on Flight 531, owned and operated by Defendant, Latam Airlines Group, traveling from New York to Lima Peru. Infant Plaintiff was caused to sustain burn injuries to her foot from excessively hot water. Infant Plaintiff initially received treatment for the burn injuries in Peru.

5. On October 11, 2019, Dr. Robert Goldstein, Plastic Surgeon, performed an examination of the infant Plaintiff. Physical examination showed a mottled hypo and hyperpigmented scarring that measured 6 x 6 ½ cms on the dorsal and lateral aspect of the right foot. A copy of Dr. Robert Goldstein's records are annexed as **Exhibit "A"**.

6. On November 12, 2019, Dr. Mitchell Mandel performed an examination on behalf of the Defendants. Dr. Mandel performed an examination of the right leg revealed right ankle with several hypopigmented patches and dorsum right foot hyper and hypopigmented patches and keloidal scars which were significantly softer and thinner than they were at the initial visit. A copy of Dr. Mitchell Mandel's reports are annexed as **Exhibit "B"**.

7. The defendant has offered a settlement with a present value in the amount of $225,000.00, inclusive of all costs, disbursements and attorney's fees for the Infant Plaintiff. This settlement is an excellent outcome for A.M. The infant Plaintiff no longer has any significant complaints of pain as a result of this incident. I believe this settlement is an excellent outcome for the infant Plaintiff as she has substantially healed from her injuries resulting from the July 15, 2018 incident.

8.  There is another distinct and separate settlement wherein SUSAN HIDALGO settled with Defendant, LATAM AIRLINES GROUP for $25,000.00. Out of the sum of $25,000.00, $1,418.12 should be taken as disbursements for this case and $7,860.62 should be paid to BERNSTEIN & BERNSTEIN as our fee.

9.  My firm conducted significant legal work in this case.  We investigated the claim and obtained medical records.  The summons and complaint was drafted and filed to properly name and plead the cause of action (**Exhibit C**).  Various discovery demands and responses were served and are annexed as **Exhibit D.** There was also a multitude of settlement negotiations with the Defense Counsel including two with the Court.

10. As set forth in Susan Hidalgo's affidavit (**Exhibit E**), A.M. has no significant ill affects from her injury. She does not complain about her injuries other than some itching and feeling self conscious.  A.M. is fortunate that she has made an excellent recovery.  As such, settlement of this claim for $225,000.00 is appropriate.

11. From the settlement proceeds, $150,000.00 will be allocated to A.M. and will be structured by ESS Settlement Services until she is 18 years old. There are no liens on this recovery.

12. I respectfully request that the Court order that the sum of $75,000.00 be paid to my firm as compensation for legal services rendered in connection with this action. This fee is in accordance with the retainer agreement.  The disbursements in this case total $1,418.12. (annexed hereto as **Exhibit F** is a list of the disbursements in this action amounting to $1,418.12).  The legal fee was calculated by taking 33 1/3% of the

gross recovery. The disbursements will be taken out of the separate settlement for SUSAN HIDALGO.

13.    Neither I nor anyone affiliated with my firm have directly or indirectly become concerned in the settlement of this claim or its subject matter at the instance of a party or person opposing, or with an interest adverse to the infant.  We are not to receive directly or indirectly any compensation from such party or person opposing, or with an interest adverse to the infant.  The only parties my firm represents or has represented arising from the same occurrence are the plaintiffs in this action.

14.    A proposed order authorizing and empowering SUSAN HIDALGO to settle this action on behalf of infant plaintiff A.M. is annexed.

_____
ARNOLD I. BERNSTEIN

Dated:  White Plains, New York
         April 22, 2020

7:18-cv-10794

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================================================

SUSAN HIDALGO, Individually and as Mother and Natural Guardian of A.M.,
An Infant,

Plaintiff,

-against-

LATAM AIRLINES GROUP,

Defendant.
==================================================================

## ATTORNEY AFFIRMATION
==================================================================

BERNSTEIN & BERNSTEIN
Attorneys for Plaintiff
599 West Hartsdale Avenue
White Plains, New York 10607
(914) 997-6400
==================================================================

### NOTICE OF ENTRY
**Sir:**  Please take notice that the within is a (certified) true copy of a
duly entered in the office of
the Clerk of the within named Court on                                      20
Dated:
==================================================================

### NOTICE OF SETTLEMENT
**Sir:**  Please take notice that an order                          of which the within
is a true copy will be presented for settlement to the Hon.               one
of the judges of the within named Court, at               on the        day of
20      at                 .M.
Dated:
==================================================================

Service of a copy of the within
is hereby admitted.
Dated:         20
Attorney(s) for:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUSAN HIDALGO, individually and as Mother and Natural
Guardian of A.M., an infant,

                                               **SUPPLEMENTAL
ATTORNEY AFFIRMATION**

                          Plaintiffs,           Index No. 18-cv-10794

           -against-

LATAM AIRLINES GROUP,

                        Defendant.
-------------------------------------------------------------------X

        ARNOLD I. BERNSTEIN, an attorney, duly admitted to practice law in the State of New

York affirms as follows:

1.     I am an attorney-at-law with offices presently located at 599 West Hartsdale Avenue,

        White Plains, New York 10607.

2.     I am the attorney for the infant claimant. I submit this supplemental affirmation in

        support of Plaintiff SUSAN HIDALGO'S application for an order empowering her

        to compromise this action on behalf of her daughter, A.M. and in support of the

        attorney fee application.

3.     On August 2, 2018, I was retained by the Plaintiffs herein under an agreement

        whereby this firm was to receive compensation for services based on the standard

        negligence percentage (33 1/3% after disbursements) of the proceeds obtained by

        suit or settlement of the infant's action against the defendants subject to Court

        approval. A statement of retainer was duly filed with the Judicial Conference.

4.    I have been admitted to practice law since 1976. The overwhelming portion of my

practice has been devoted to plaintiff's personal injury cases. I have handled several

burn cases and Federal Court airline cases. We were retained soon after the accident

and conducted extensive research and investigation in this matter. Our actual records

of work performed are available for in camera inspection but contain information

that falls under attorney client privilege and are therefore not being submitted with

this affirmation. We have created an Excel spreadsheet extracted from the

contemporaneous timesheets that includes detailed description of the work

performed including time involved and date performed, annexed hereto as **Exhibit**

**G.** The attorney time expended on this matter is in excess of 170 hours. It is

anticipated that a minimum of an additional ten hours will be expended on this matter

to finalize the Structured settlement for the infant plaintiff once the order of this court

is entered. This would bring a total of 180 hours expended by affiant on this matter.

It does not include any support staff time. Generally, our office in personal injury

cases does not bill on an hourly basis but rather charges a one third contingency

which is standard for the practice. When we perform work on an hourly basis my

customary fee is $500.00. We are requesting that the Court approve the fee of

$75,000 in the infant's case. As the Court is aware, Plaintiff Susan Hidalgo has a

separate settlement and Susan Hidalgo and plaintiff's counsel have agreed to take

the disbursements in this matter out of Susan Hidalgo's settlement. As the court

stated in ABC v XYZ Corp.

18-CV-11653 (JGK) (JLC) (S.D.N.Y>.March 13, 2019):

"Moreover, one-third contingency fee arrangements for infant compromise actions are "routinely approved" in this District. D v City of New York, 2016 WL 4734592..."

5. This further supplemental affirmation was delayed due to the Bankruptcy filing of the defendant. Enclosed as **Exhibit H** is the order of the Bankruptcy Court permitting this case to proceed.

6. I respectfully request that the Court order that the sum of $75,000.00 be paid to my firm as compensation for legal services rendered in connection with this action. This fee is in accordance with the retainer agreement. The disbursements in this case total $1,418.12. (annexed hereto as **Exhibit F** is a list of the disbursements in this action amounting to $1,418.12). The legal fee was calculated by taking 33 1/3% of the gross recovery. The disbursements will be taken out of the separate settlement for SUSAN HIDALGO.

7. A proposed order authorizing and empowering SUSAN HIDALGO to settle this action on behalf of infant plaintiff A.M. was submitted in March 2020.

_____
ARNOLD I. BERNSTEIN

Dated: White Plains, New York
        September 2, 2020

.